IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

| | |
|---|---|
| **DEVEN HAMMOND** | **PLAINTIFF** |
| v. | CIVIL ACTION NO. 2:18-CV-150-KS-MTP |
| **UNIVERSITY OF SOUTHERN MISSISSIPPI** | **DEFENDANT** |

### MEMORANDUM OPINION AND ORDER

For the reasons provided below, the Court **denies in part** Defendant's Motion to Dismiss [14]. The Court declines to address whether Defendant enjoys sovereign immunity against Plaintiff's claim under Title II of the ADA, but the Court denies the motion in all other respects.

### I. BACKGROUND

Plaintiff was a student and football player at the University of Southern Mississippi, and he only has one kidney. According to Plaintiff, USM's football staff enticed him to transfer to USM by offering a full scholarship if he worked his way onto the team's two-deep roster. After Plaintiff transferred, he received a physical evaluation at USM's Student Health Services Center. The report noted that Plaintiff had only one kidney but cleared him to play without restrictions.

During a team practice, Plaintiff mentioned to one of the trainers that he only had one kidney. The trainer immediately removed Plaintiff from practice and took him to the team physician. The physician did not clear Plaintiff to play, citing the potential liability to USM if he were injured. Plaintiff sought a second opinion as permitted by

USM's Sports Medicine Policies and Procedures, and his nephrologist stated that no restrictions were necessary. Plaintiff also offered to execute a waiver of liability. But USM would not allow him to play.

Plaintiff filed this lawsuit against USM in the United States District Court for the Middle District of Louisiana. He asserted, among other things, claims of discrimination under the Americans with Disabilities Act and Section 504 of the Rehabilitation Act. Defendant filed a Motion to Dismiss [14]. The Middle District of Louisiana transferred the case to this Court after finding it lacked personal jurisdiction over USM and deferred ruling on the ADA and Section 504 claims. After the transfer, this Court had the parties file supplemental briefs, and it now addresses the remaining portions of Defendant's Motion to Dismiss [14].

## II. DISCUSSION

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010) (punctuation omitted). "To be plausible, the complaint's factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (punctuation omitted). The Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Id.* But the Court will not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* Likewise, "a formulaic recitation of the elements of a cause of action will not do." *PSKS, Inc. v. Leegin Creative Leather Prods., Inc.*, 615 F.3d 412, 417 (5th Cir. 2010)

(punctuation omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

**A.    ADA**

　　1.    *Sufficiency of Plaintiff's Allegations*

First, Defendant argues that Plaintiff did not plead sufficient facts to demonstrate that he has a disability as defined by the ADA. To establish a claim of discrimination under the ADA, a plaintiff must prove: "(1) that he has a qualifying disability; (2) that he is being denied the benefits of services, programs, or activities for which the public entity is responsible, or is otherwise discriminated against by the public entity; and (3) that such discrimination is by reason of his disability." *Miraglia v. Bd. of Supervisors*, 901 F.3d 565, 574 (5th Cir. 2018). The ADA defines "disability" as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such impairment; or (C) being regarded as having such an impairment . . . ." 42 U.S.C. § 12102(1).

"An individual meets the requirement of 'being regarded as having such an impairment' if the individual establishes that he or she has been subjected to an action prohibited under [the ADA] because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity." 42 U.S.C. § 12102(3)(A). Therefore, "for a regarded-as claim, a plaintiff is not required to establish her employer believed her impairment was substantially limiting; all that is required is proof the employer knew of an impairment or erroneously

3

perceived one." *Williams v. Tarant County College District*, 717 F. App'x 440, 449 (5th Cir. 2018); *see also Burton v. Freescale Semiconductor, Inc.*, 798 F.3d 222, 230 (5th Cir. 2015).

Plaintiff alleged that he only has one kidney. Complaint at 2, *Hammond v. Univ. of S. Miss.*, No. 2:18-CV-150-KS-JCG (S.D. Miss. Nov. 29, 2017), ECF No. 1. It appears to be undisputed that this constitutes a "physical impairment," as contemplated by the ADA. *See* 42 U.S.C. § 12102(1). Plaintiff alleged that Defendant's Head Athletic Trainer, Todd McCall, removed him from practice after learning he only had one kidney. Complaint [1], at 3. Plaintiff also alleged that Defendant's team physician would not clear him to play football because he only had one kidney. *Id.* He alleged that McCall continued to hold him from practice after receiving a report from his nephrologist, based on the belief that playing football with one kidney posed a liability issue for the school and a danger to Plaintiff's health. *Id.* at 4. Finally, Plaintiff alleged that agents of Defendant's athletic department told other schools that he did not pass a physical because he had only one kidney. *Id.* at 5.

For a "regarded-as" discrimination claim, Plaintiff is not required to allege or prove that the impairment substantially limited a major life activity, or that Defendant believed it did. All that Plaintiff has to show is that Defendant knew of the impairment and withheld public services or benefits because of it. 42 U.S.C. § 12102(1), (3)(A); *Burton*, 798 F.3d at 230; *Williams*, 717 F. App'x at 449. The allegations listed above, accepted as true, are sufficient to meet that burden. Therefore, they are sufficient to

4

demonstrate that Plaintiff had a disability as defined by the ADA.

   *2.  Eleventh Amendment*

Defendant argues that it enjoys sovereign immunity from suits under the ADA. The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. This amendment protects states from being sued in federal court. *Pace v. Bogalusa City Sch. Bd.*, 403 F.3d 272, 276 (5th Cir. 2005). But the protection is not absolute. *Id.* First, States can waive their sovereign immunity. *Bennett-Nelson v. La. Bd. of Regents*, 431 F.3d 448, 451 (5th Cir. 2005). Second, "Congress may abrogate state sovereign immunity pursuant to the enforcement power conferred by § 5 of the Fourteenth Amendment." *Id.*

As noted below, state universities receiving federal financial assistance have waived sovereign immunity from suits for damages under Section 504 of the Rehabilitation Act. *See Pederson v. Louisiana State Univ.*, 213 F.3d 858, 876 (5th Cir. 2000). It is apparently undisputed that Defendant receives federal funding. Therefore, Defendant waived its sovereign immunity with respect to Plaintiff's claim under Section 504.

"[T]he rights and remedies afforded plaintiffs under Title II of the ADA are almost entirely duplicative of those provided under § 504 of the Rehabilitation Act." *Bennett-Nelson*, 431 F.3d at 454. The only difference is that Section 504 imposes a

stricter causation standard, requiring that the plaintiff's disability be the "sole reason" for the exclusion from and/or denial of benefits. 29 U.S.C. § 794(a). Under Title II of the ADA, "discrimination need not be the sole reason for the exclusion of or denial of benefits to the plaintiff." *Bennett-Nelson*, 431 F.3d at 454.

The Fifth Circuit has declined to address whether sovereign immunity bars a plaintiff's claims under Title II of the ADA where it found that sovereign immunity did not bar identical claims under § 504. *Campbell v. Lamar Inst. of Tech.*, 842 F.3d 375, 379 (5th Cir. 2016); *Bennett-Nelson*, 431 F.3d at 455. "A fundamental and longstanding principle of judicial restraint requires that courts avoid reaching constitutional questions in advance of the necessity of deciding them." *Lyng v. Nw. Indian Cemetary Protective Ass'n*, 485 U.S. 439, 445, 108 S. Ct. 1319, 99 L. Ed. 2d 534 (1988); *see also Hale v. King*, 642 F.3d 492, 503 (5th Cir. 2011) (declined to address whether Title II of ADA abrogated sovereign immunity). This rule "prevents courts from issuing unnecessary and potentially overbroad or misleading rulings on constitutional issues." *Whole Women's Health v. Smith*, 896 F.3d 362, 374 (5th Cir. 2018). Therefore, the Court declines to presently address whether Title II of the ADA constitutes a valid abrogation of sovereign immunity with respect to Plaintiff's ADA claim, having concluded that Plaintiff's identical Section 504 claim is not barred by sovereign immunity.

**B.  Rehabilitation Act**

    *1.  Sufficiency of Plaintiff's Allegations*

Section 504 of the Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." 29 U.S.C. § 794(a). Section 504 and the ADA "are judged under the same legal standards, and the same remedies are available under both Acts." *Kemp v. Holder*, 610 F.3d 231, 234 (5th Cir. 2010); *see also Miraglia*, 901 F.3d at 573-74; 29 U.S.C. § 705(20)(B). Therefore, for the same reasons provided above, the Court finds that Plaintiff pleaded sufficient allegations to state a claim under Section 504.

    2.    *Sovereign Immunity*

Finally, Defendant argues that it enjoys sovereign immunity against Plaintiff's claims. As Defendant conceded in briefing, the Fifth Circuit has held that Congress "clearly, unambiguously, and unequivocally conditions receipt of federal funds . . . on the State's waiver of Eleventh Amendment Immunity." *Pederson*, 213 F.3d at 876; *see also Bennett-Nelson*, 431 F.3d at 451.[1] Defendant contends, however, that the Fifth Circuit has only addressed waiver of immunity as a jurisdictional bar, rather than waiver of immunity from monetary damages.

The relevant statute provides: "In a suit against a State for a violation of a

---

[1] The parties apparently agree that Defendant is a "program or activity receiving federal financial assistance," within the meaning of Section 504, and that the condition on receipt of funding is a constitutionally permissible exercise of Congress's spending power. *See Bennett-Nelson*, 431 F.3d at 451 (citing *South Dakota v. Dole*, 483 U.S. 203, 107 S. Ct. 2793, 97 L. Ed. 2d 171 (1987)).

statute referred to in paragraph (1), remedies (including both at law and in equity) are available for such a violation to the same extent as such remedies are available for such a violation in the suit against any public or private entity other than a State." 42 U.S.C. § 2000d-7(a)(2). Accordingly, the Fifth Circuit has explicitly held that a State's sovereign immunity does not bar a claim for money damages under the Rehabilitation Act. *Campbell*, 842 F.3d at 379; *see also Fryberger v. Univ. of Arkansas*, 889 F.3d 471, 477 (8th Cir. 2018); *Dinkins v. Correctional Med. Servs.*, 743 F.3d 633, 635 (8th Cir. 2014). Therefore, the Court rejects Defendant's argument that it enjoys sovereign immunity from monetary damages with respect to Plaintiff's Rehabilitation Act claim.

### III. CONCLUSION

For these reasons, the Court **denies in part** Defendant's Motion to Dismiss. The Court declines to address whether Defendant enjoys sovereign immunity against Plaintiff's claim under Title II of the ADA, but the Court denies the motion in all other respects.

SO ORDERED AND ADJUDGED this 14th day of November, 2018.

          /s/    Keith Starrett
    KEITH STARRETT
    UNITED STATES DISTRICT JUDGE