IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**DEVEN HAMMOND**                                                                         **PLAINTIFF**

**V.**                                            **CIVIL ACTION NO. 2:18-CV-150-KS-JCG**

**UNIVERSITY OF SOUTHERN MISSISSIPPI**                       **DEFENDANT**

**ANSWER AND AFFIRMATIVE DEFENSES
OF THE UNIVERSITY OF SOUTHERN MISSISSIPPI**

The University of Southern Mississippi ("Defendant") states the following affirmative defenses and otherwise responds to the averments of Plaintiff's Complaint [Doc. 1].[1]

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff has failed to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

The sovereign immunity doctrine bars certain of Plaintiff's claims against Defendant.

**THIRD AFFIRMATIVE DEFENSE**

The Mississippi Tort Claims Act, in both its substantive and procedural provisions, bars certain of Plaintiff's claims against Defendant.

**FOURTH AFFIRMATIVE DEFENSE**

The Eleventh Amendment to the United States Constitution bars certain of Plaintiff's claims against Defendant.

**FIFTH AFFIRMATIVE DEFENSE**

At all times relevant to Plaintiff's claims, Defendant acted in good faith.

---

[1] By Order dated August 17, 2018 [Doc. 27], the Court dismissed with prejudice Plaintiff's state law claims and all claims against Defendant Dan Disch. To avoid undue confusion, the remaining Defendant responds to each of Plaintiff's averments despite the fact the state law claims and Defendant Dan Disch have been dismissed from this matter with prejudice.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, resulted from superseding or intervening acts or omissions.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate his damages, if any.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by his own acts and/or omissions, or other acts or omissions of some third party. Such acts and/or omissions were the sole proximate cause or a contributing proximate cause of any damages which he allegedly suffered.

### NINTH AFFIRMATIVE DEFENSE

Defendant at all times acted reasonably based on the information available to it.

### TENTH AFFIRMATIVE DEFENSE

Defendant affirmatively pleads all state and federal law limitations on liability and damages which may apply to Plaintiff's claims.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff was not otherwise qualified for the football team.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff was not a qualified individual with a disability as that term is defined under the Americans with Disabilities Act or the Rehabilitation Act.

### THIRTEENTH AFFIRMATIVE DEFENSE

The business judgment rule protects Defendant, whether for the conduct of its employees and/or for their independent or joint actions, and bars recovery for some or all of its conduct and decisions.

### FOURTEENTH AFFIRMATIVE DEFENSE

Legitimate non-discriminatory grounds support Defendant's acts and omissions that are the basis of some of Plaintiff's claims, thus barring some or all of Plaintiff's claims.

### FIFTEENTH AFFIRMATIVE DEFENSE

Defendant based its decision concerning Plaintiff's request for medical clearance on reasonable and sufficient grounds, thus barring Plaintiff's recovery against Defendant on some or all of his claims.

### SIXTEENTH AFFIRMATIVE DEFENSE

Because Plaintiff's participation on the football team posed a direct threat to the health and safety of himself or others, he is not a person "otherwise qualified" to participate on the football team.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that he failed to submit to a medical evaluation.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Further and/or alternatively, to the extent that a reasonable accommodation could not be made, Defendant specifically pleads the affirmative defense of undue hardship.

### ANSWER

Having pled affirmatively and without any of the affirmative defenses, Defendant responds to the specific allegations of Plaintiff's Complaint as follows, and denies any allegations not specifically admitted:

### I.  INTRODUCTION

1. Defendant is without sufficient information to admit or deny the averments of this paragraph.

2. Defendant denies that Plaintiff's one kidney does not affect his ability to play football. Defendant further denies as stated that every single nephrologist who examined him has cleared him to play football. Defendant is without sufficient information to admit or deny the remaining averments of this paragraph.

3. Defendant is without sufficient information to admit or deny the averments of this paragraph and out of an abundance of caution the allegations are, therefore, denied.

4. Denied.

5. To the extent this averment references a document, the document referenced speaks for itself.

6. Denied as stated.

7. To the extent this averment references the USM Sports Medicine Policies and Procedures, the policies and procedures speak for themselves. The remaining averments of this paragraph are denied.

8. This allegation concerns written correspondence between Dr. Raynold Corona and Defendant. The written communications themselves provide the best evidence of what was said between the parties.

9. Denied as stated.

10. Denied.

11. This allegation concerns written correspondence between Dr. Raynold Corona and Defendant. The written communications themselves provide the best evidence of what was said between the parties.

12. Defendant is without sufficient information to admit or deny the averments of this paragraph.

13. To the extent this averment references the USM Sports Medicine Policies and Procedures, the policies and procedures speak for themselves. The remaining averments of this paragraph are denied.

14. This allegation concerns written correspondence between Plaintiff and Defendant. The written communications themselves provide the best evidence of what was said between the parties.

15. Denied.

16. Denied.

17. This paragraph does not contain an averment of fact or law as to Defendant.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

## II.    JURISDICTION AND PARTIES

22. With the exception of Plaintiff's claims barred by the Eleventh Amendment to the United States Constitution, Defendant admits the Court has federal question over Plaintiff's federal claims under 28 U.S.C. § 1331. Defendant denies the remaining allegations.

23. Denied. Plaintiff's state law claims have been dismissed.

24. Denied. Defendant admits that it is subject to personal jurisdiction in the Southern District of Mississippi.

25. Denied.

26. Denied. Defendant admits that venue is proper in the Eastern Division of the Southern District of Mississippi.

27. Defendant is without sufficient information to admit or deny whether Plaintiff is a citizen and resident of Baton Rouge, Louisiana. The remaining allegations of this paragraph are denied.

28. Denied.

29. Admitted.

30. Denied.

### III.   FACTS

31. Defendant is without sufficient information to admit or deny the allegations of this paragraph.

32. Defendant is without sufficient information to admit or deny the allegations of this paragraph.

33. This paragraph does not contain an averment of fact or law as to Defendant.

34. Defendant denies that Plaintiff's one kidney does not affect his ability to play football. Defendant is without sufficient information to admit or deny the remaining allegations of this paragraph.

35. This paragraph does not contain an averment of fact or law as to Defendant.

36. This paragraph does not contain an averment of fact or law as to Defendant.

37. This paragraph does not contain an averment of fact or law as to Defendant.

38. Denied as stated.

39. Denied.

40. Denied.

41. Denied.

42. Defendant admits that Plaintiff reported to the Student Health Services Center for

a physical. To the extent this averment references the written report from that physical examination, the report speaks for itself.

43. This allegation concerns a USM Athletic Department Physical Information form. The form speaks for itself.

44. Denied as stated.

45. Admitted.

46. Denied as stated.

47. Denied.

48. This allegation concerns written communications between Todd McCall and Daniel Feig. The written communications themselves provide the best evidence of what was said between the parties.

49. This allegation concerns written communications between Todd McCall and Daniel Feig. The written communications themselves provide the best evidence of what was said between the parties.

50. This allegation concerns written communications between Anthony Martinez, Jon Gilbert, Daniel Feig, and Todd McCall. The written communications themselves provide the best evidence of what was said between the parties.

51. Denied.

52. This paragraph does not contain an averment of fact or law as to Defendant.

53. This allegation concerns Defendant's Sports Medicine Policies and Procedures. The written policies and procedures speak for themselves.

54. Defendant is without sufficient information to admit or deny the allegations of this paragraph.

55. This allegation concerns written communications between Dr. Raynold Corona and Defendant. The written communications themselves provide the best evidence of what was said between the parties.

56. Denied as stated.

57. Defendant is without sufficient information to admit or deny the allegations of this paragraph and out of an abundance of caution the allegations are, therefore, denied.

58. Defendant is without sufficient information to admit or deny the allegations of this paragraph and out of an abundance of caution the allegations are, therefore, denied.

59. Defendant is without sufficient information to admit or deny the allegations of this paragraph and out of an abundance of caution the allegations are, therefore, denied.

60. Defendant is without sufficient information to admit or deny the allegations of this paragraph and out of an abundance of caution the allegations are, therefore, denied.

61. Defendant is without sufficient information to admit or deny the allegations of this paragraph and out of an abundance of caution the allegations are, therefore, denied.

62. Defendant is without sufficient information to admit or deny the allegations of this paragraph and out of an abundance of caution the allegations are, therefore, denied.

63. This allegation concerns written communications between Dr. Raynold Corona and Defendant. The written communications themselves provide the best evidence of what was said between the parties.

64. Defendant is without sufficient information to admit or deny the allegations of this paragraph.

65. Defendant is without sufficient information to admit or deny the allegations of this paragraph.

66. This allegation concerns written communications between Plaintiff and Defendant. The written communications themselves provide the best evidence of what was said between the parties.

67. This allegation concerns written communications between Plaintiff and Defendant. The written communications themselves provide the best evidence of what was said between the parties.

68. This allegation concerns written communications between Plaintiff and Defendant. The written communications themselves provide the best evidence of what was said between the parties.

69. This allegation concerns written communications between Plaintiff and Defendant. The written communications themselves provide the best evidence of what was said between the parties.

70. Defendant denies the underlying factual predicate but admits that it offered to allow Plaintiff to be evaluated by Dr. Jon D. Thornton, a board-certified nephrologist licensed to practice in the State of Mississippi. The remaining allegations are denied as stated.

71. This allegation concerns written communications between Plaintiff and Defendant. The written communications themselves provide the best evidence of what was said between the parties.

72. This allegation concerns written communications between Plaintiff and Defendant. The written communications themselves provide the best evidence of what was said between the parties.

73. This allegation concerns written communications between Plaintiff and Defendant. The written communications themselves provide the best evidence of what was said between the

parties.

74. Denied as stated.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

### IV.   CAUSES OF ACTION

#### Count I – Violation of Title II of the Americans with Disabilities Act
(Against University of Southern Mississippi)

79. Defendant incorporates its responses to the prior paragraphs.

80. This paragraph does not contain an averment of fact or law as to Defendant.

81. This paragraph does not contain an averment of fact or law as to Defendant.

82. Denied.

83. Denied.

84. This paragraph does not contain an averment of fact or law as to Defendant.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

#### Count II – Violation of the Rehabilitation Act
(Against University of Southern Mississippi)

91. Defendant incorporates its responses to the prior paragraphs.

92. This paragraph does not contain an averment of fact or law as to Defendant.

93. Admitted.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

98. This paragraph does not contain an averment of fact or law as to Defendant.

99. This paragraph does not contain an averment of fact or law as to Defendant.

100. Denied.

101. Denied.

102. This paragraph and its subparts are denied.

103. Denied.

### Count III – Negligent Disclosure of Information
(Against Athletic Program Does and USM)

104. Defendant incorporates its responses to the prior paragraphs.

105. This paragraph does not contain an averment of fact or law as to Defendant.

106. Denied as stated.

107. Denied as stated.

108. Denied.

109. Denied.

110. Denied.

### Count IV – Breach of Contract/Promissory Estoppel
(Against Defendants Dan Disch and USM)

111. Defendant incorporates its responses to the prior paragraphs.

112. Denied.

113. Denied.

114. Denied.

## V. RELIEF REQUESTED

Defendant denies that Plaintiff is entitled to any relief of any kind from Defendant. This paragraph and its subparts are denied.

Defendant requests a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Defendant requests this Court to grant judgment in favor of Defendant, dismiss this matter with prejudice and tax all costs of court against Plaintiff. Defendant requests such other relief as may be appropriate under the circumstances.

THIS, the 28th day of November, 2018.

Respectfully submitted,

UNIVERSITY OF SOUTHERN MISSISSIPPI

*/s/ Pope S. Mallette*
POPE S. MALLETTE (MB NO. 9836)
J. ANDREW MAULDIN (MB NO. 104227)
ATTORNEYS FOR DEFENDANT

OF COUNSEL:

MAYO MALLETTE PLLC
5 University Office Park
2094 Old Taylor Road
Post Office Box 1456
Oxford, Mississippi 38655
Tel: (662) 236-0055
Fax: (662) 236-0035
pmallette@mayomallette.com
dmauldin@mayomallette.com

## CERTIFICATE OF SERVICE

I, Pope S. Mallette, one of the attorneys for Defendant, do certify that I have electronically filed this document in the ECF system with the Clerk of the Court which sent notification of the filing to all attorneys of record.

THIS, the 28th day of November, 2018.

*/s/ Pope S. Mallette*
POPE S. MALLETTE