Last Updated: February 2018

FORM 1 (ND/SD MISS. JAN. 2018)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**DEVEN HAMMOND**     **PLAINTIFF**

v.     CIVIL ACTION
NO. 2:18-cv-00150-KS-JCG

**UNIVERSITY OF SOUTHERN MISSISSIPPI,** *et al.*     **DEFENDANTS**

# CASE MANAGEMENT ORDER

This Order, including all deadlines, has been established with the participation of all parties and can be modified only by order of the Court on a showing of good cause supported with affidavits, other evidentiary materials, or reference to portions of the record.

**IT IS HEREBY ORDERED:**

1. **ESTIMATED DAYS OF TRIAL:** 5

    **ESTIMATED TOTAL NUMBER OF WITNESSES:** 12-15

    **EXPERT TESTIMONY EXPECTED:** Yes    **NO. OF EXPERTS:** 6-7

2. **ALTERNATIVE DISPUTE RESOLUTION [ADR].** (Pick one)

    At the time this Case Management Order is offered it does not appear that alternative dispute resolution techniques will be used in this civil action.

    Additional Information: The parties are open to participating in alternative dispute resolution but do not believe it would be particularly helpful until after discovery.

3. **CONSENT TO TRIAL BY UNITED STATES MAGISTRATE JUDGE.** (Pick one)

    The parties do not consent to trial by a United States Magistrate Judge.

4. **DISCLOSURE.** (Pick one)

   The pre-discovery disclosure requirements of Fed.R.Civ.P.26(a)(1) and U.L.Civ.R. 16(d) and 26(a) have been complied with fully.

5. **MOTIONS; ISSUE BIFURCATION.** (Pick one)

   Staged resolution, or bifurcation of the issues for trial in accordance with FED. R. CIV. P. 42(b) will not assist in the prompt resolution of this action.

   Statement Not Applicable.

6. **DISCOVERY PROVISIONS AND LIMITATIONS.**

   A. Interrogatories are limited to __35__ succinct questions.

   B. Requests for Production are limited to __35__ succinct questions.

   C. Requests for Admissions are limited to __49__ succinct questions.

   D. Depositions are limited to the parties, experts, and no more than __12__ fact witness depositions per party without additional approval of the Court.

**E.**  The parties have complied with the requirements of Local Rule 26(f)(2) and (3)(C) regarding discovery of electronically stored information and have concluded as follows:

While some ESI exists, the parties do not expect it to be voluminous. The parties expect that any ESI will primarily consist of e-mails and other written communications maintained in the ordinary course of their clients' operations or affairs. The parties have taken and will continue to take reasonable steps to identify and preserve discoverable ESI, including instructing their clients to halt any scheduled destruction of potentially responsive ESI and to take any steps necessary to preserve all such information. E-mail discovery is expected to be limited, but the parties will agree on a search and production protocol as necessary. The parties do not currently believe that the restoration of any discoverable deleted, back-up or archival ESI will be necessary. The parties do not believe that any discoverable ESI is not reasonably accessible. The parties will address any inadvertent disclosure of claimed privileged information in accordance with the Federal Rules of Civil Procedure and Evidence, and may also set forth a procedure for handling inadvertent disclosure in an agreed protective order.

**F.**  The court imposes the following further discovery provisions or limitations:

[✓] 1. The parties have agreed that defendant may obtain a Fed.R.Civ. P. 35 (L.U.Civ.R. 35) medical examination of the plaintiff (within subpoena range of the court) by a physician who has not examined the plaintiff, and that defendant may arrange the examination without further order of the court. The examination must be completed in time to comply with expert designation discovery deadlines.

[✓] 2. Pursuant to FED.R.EVID. 502(d), the attorney-client privilege and the work-product protections are not waived by any disclosure connected within this litigation pending before this Court. Further, the disclosures are not waived in any other federal or state proceeding.

[✓] 3. Plaintiff must execute an appropriate, HIPAA-compliant medical authorization.

[ ] 4. The court desires to avoid the necessity of filing written discovery motions where court participation in an informal discussion of the issue might resolve it, even after the parties have been unsuccessful in a good faith attempt to do so. Consequently, before a party may serve any discovery motion, counsel must first in good faith as required by Fed. R. Civ. P. 37(a)(1). If the attorney conference does not resolve the dispute, counsel must contact the chambers of the magistrate judge to request a telephonic conference to discuss the issue as contemplated by Fed. R. Civ. P.16(b)(3)(B)(v). Only if the telephonic conference with the judge is unsuccessful in resolving the issue may a party file a discovery motion.

[ ] 5. Other:

Plaintiff has requested 35 interrogatories and 60 requests for admission. It is Plaintiff's position that narrowly-tailored and highly targeted written discovery devices will help will cut down on the costs associated with lengthy depositions. This issue is especially important in this case given that several of the witnesses reside out of state. Although Defendant would be agreeable to a modest enlargement of the standard written discovery requests, Defendant believes that Plaintiff's request of 35 interrogatories and 60 requests for admission is excessive and will increase rather than decrease

Case 2:18-cv-00150-KS-JCG   Document 51   Filed 01/02/19   Page 4 of 5
FORM 1 (ND/SD MISS. JAN. 2018)

the costs of litigation. While Plaintiff asserts such discovery will reduce the need for depositions, the parties estimate 12 witness depositions, in a relatively simple case. Plaintiff has already propounded his first set of written discovery, and Defendant does not anticipate that such questions and requests will actually narrow the real areas of dispute.

The parties disagree as to whether the anti-contact rule applies to Defendant's former employees.

ATTORNEY SCHEDULING CONFLICT WITH TRIAL SETTING: Plaintiff's counsel has a trial set in Louisiana Federal Court December 9-11, 2019.

7. **SCHEDULING DEADLINES**

   A. **Trial.** This action is set for  JURY TRIAL  during a  two-week  term of court beginning on:  December 2, 2019 , at  9:00 ,  a.m. , in  Hattiesburg , Mississippi, before United States  District  Judge  Keith Starrett .

   THE ESTIMATED NUMBER OF DAYS FOR TRIAL IS   5  . ANY CONFLICTS WITH THIS TRIAL DATE MUST BE SUBMITTED IN WRITING TO THE TRIAL JUDGE IMMEDIATELY UPON RECEIPT OF THIS CASE MANAGEMENT ORDER.

   B. **Pretrial.** The pretrial conference is set on:  November 14, 2019 , at  9:00 ,  a.m. , in  Hattiesburg , Mississippi, before United States  District  Judge  Keith Starrett .

   C. **Discovery.** All discovery must be completed by:  July 8, 2019 .

   D. **Amendments.** Motions for joinder of parties or amendments to the pleadings must be filed by:  February 4, 2019 .

   E. **Experts.** The parties' experts must be designated by the following dates:

      **1.** Plaintiff(s):   March 4, 2019 .

      **2.** Defendant(s):   April 4, 2019 .

FORM 1 (ND/SD MISS. JAN. 2018)

8. **MOTIONS.** All dispositive motions and *Daubert*-type motions challenging another party's expert must be filed by: __July 22, 2019__ . The deadline for motions *in limine* is fourteen days before the pretrial conference; the deadline for responses is seven days before the pretrial conference.

9. **SETTLEMENT CONFERENCE.**

    A SETTLEMENT CONFERENCE is set on: __October 10, 2019__, at __1:30__, __p.m.__ in __Gulfport__, Mississippi, before United States __Magistrate__ Judge __John C. Gargiulo__.

    Seven (7) days before the settlement conference, the parties must submit via e-mail to the magistrate judge's chambers an updated CONFIDENTIAL SETTLEMENT MEMORANDUM. All parties are required to be present at the conference unless excused by the Court. If a party believes the scheduled settlement conference would not be productive and should be cancelled, the party is directed to inform the Court via e-mail of the grounds for their belief at least seven (7) days prior to the conference.

10. **REPORT REGARDING ADR.** On or before (7 days before FPTC) __November 7, 2019__, the parties must report to the undersigned all ADR efforts they have undertaken to comply with the Local Rules or provide sufficient facts to support a finding of just cause for failure to comply. *See L.U.Civ.R.83.7(f)(3)*.

**SO ORDERED:**

1/2/2019  
DATE

s/ John C. Gargiulo  
UNITED STATES MAGISTRATE JUDGE